IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


TIMOTHY W. STEIN,
    Plaintiff,

vs.                                      Case No. 5:07cv152/RS/EMT

CHARLIE CRIST, GOVERNOR,
STATE OF FLORIDA,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed an amended complaint pursuant to 42 U.S.C. § 1983 (Doc. 11).  The filing fee has been paid (*see* Docket Entry 6).

Plaintiff names one Defendant in this action: Charlie Crist, Governor of the State of Florida (Doc. 11 at 1, 2).[1]  Plaintiff, a resident of Gulf County, alleges that the method used by Defendant to determine "the per capita figure used to roll back the Ad Valorem Tax [sic] for Gulf County is flawed and excessively high" (*id.* at 3).  Plaintiff further alleges that Defendant's failure to "factor in" the number of non-homestead, rental, investment, and commercial properties has resulted in an excessively high rollback of the property tax (*see id.*).  Plaintiff also alleges that this error has caused Gulf County "to roll back [sic] funding for vital services to the residents and non-residents alike" (*see id.*).  Further, Plaintiff alleges that the "forced rollbacks of necessary services which are fundamental to the population of Gulf County Residents and visitors alike could [cause residents and non-residents to] lose their lives . . . ." (*id.* at 4).  Plaintiff alleges that fire, sheriff, emergency medical, risk management, wetlands protection, veterans, search and rescue, commodity, and county

---

[1] The clerk of court shall be directed to modify the docket to reflect that Charlie Crist, Governor of the State of Florida, is the only Defendant in this matter.

court departments are being affected by the tax rollback (*see id.*). With respect to these facts, Plaintiff claims that his "civil rights have been violated by [Defendant] by forcing cutbacks in fundamental services, to a point that these rolled back services may cause a loss of life or property. If these services left are no longer sufficient to do the job, and protect the public, especially during tourist season . . . then my civil rights have been violated and there may also be a case for DUE PROCESS" (*id.* at 6). For relief, Plaintiff seeks an order enjoining the implementation of the tax rollback law until this case can be heard and directing Defendant to "re-think [his] plan to reduce [a]d [v]alorem taxes using these flawed figures . . . [and] come up with a thoughtful and fair plan using correct and appropriate figures . . . [;] [n]ot . . . a hasty political decision, harmful to the residents and visitors of the State of Florida" (*id.*).

Plaintiff has failed to establish a jurisdictional basis for his claim. A district court may address its lack of subject matter jurisdiction in two ways. Fed. R. Civ. P. 12(b)(1); Lovern, 190 F.3d at 653. The court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6). Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.*

"It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." Lovern, 190 F.3d at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)). The mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). *See, e.g.*, Bell v. Hood, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed.939 (1946) (recognizing propriety of dismissal for want of jurisdiction in cases "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"). "Federal jurisdiction requires that a party assert a substantial federal claim." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also* Baker v. Carr, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law and that the claim is

not frivolous). In Hagans, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536–37, 94 S. Ct. at 1378–79 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." 415 U.S. at 538, 94 S. Ct. at 1379.

Rule 8(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that a pleading shall contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Plaintiff was previously advised to consider whether this court has the authority to hear the issue his case presents before taking further action in this case (*see* Doc. 5 at 1, n.1). Thereafter, Plaintiff paid the full filing fee (*see* Docket Entry 6). Furthermore, by order of this court on August 3, 2007, Plaintiff was directed to amend his complaint and state a jurisdictional basis for his claims (*see* Doc. 8 at 3–4).

Plaintiff's amended complaint still fails to state a jurisdictional basis for this action, and it is readily apparent that the claims raised therein are not of sufficient substance to support federal jurisdiction. The United States is not named as a party; thus, it is apparent that Plaintiff is not attempting to proceed under 28 U.S.C. § 1346. Furthermore, the requirements for diversity jurisdiction cannot be met in this case because Plaintiff is not suing a citizen of another state where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

The court notes that Plaintiff filed his amended complaint on the form for use in section 1983 cases (Doc. 11). Therefore, his complaint could be interpreted as a cause of action under 42 U.S.C. § 1983, asserting federal question jurisdiction under 28 U.S.C. § 1331. However, Plaintiff cannot maintain the action based on this federal statute. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1. whether the conduct complained of was committed by a person acting under color of state law; and

    2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed.2 d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes, and it is well established that a state is not a person within the meaning of section 1983.  *See* Will v. Mich. Dep't. of State Police, 491 U.S. 58, 64, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  Accordingly, Governor Crist, in his capacity as Governor of the State of Florida, is not a proper Defendant in a section 1983 case.  *See id.*  Furthermore, Plaintiff's only alleged harm is a nebulous "roll back [sic] [in] funding for vital services," which he alleges will affect "necessary services which are fundamental to the population of Gulf County" (Doc. 11 at 3, 4).  As proof of injury, Plaintiff cites to several alleged budget cuts that he claims "are very dangerous" (Doc. 11 at 8–9).  Plaintiff, however, has failed to allege the denial of any federal right or the violation of any federal law and has correspondingly failed to meet the Parratt test for a section 1983 action; thus, he has failed to state a claim under section 1983 and cannot invoke federal question jurisdiction under 28 U.S.C. § 1331.[2]

---

[2] Even if the a proper defendant were named in this action, it appears that subject matter jurisdiction would still be absent.  The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the Tax Injunction Act specifically bars injunctive relief, it has been expanded to suits seeking declaratory relief as well as damages.  Osceola v. Fla. Dept. of Revenue, 893 F.2d 1231, 1233 (11th Cir. 1990), *cert. denied*, 498 U.S. 1025, 111 S. Ct. 674, 112 L. Ed. 2d 667 (citations omitted); *see also* Travelers Ins. Co. v. Cuomo, 14 F.3d 708, 713 (2d Cir.1993), *cert. granted*, N.Y. State Conference of Blue Cross & Blue Shield v. Travelers Ins. Co., 513 U.S. 920, 115 S. Ct. 305, 130 L. Ed .2d 217 (1994) and *rev'd on other grounds*, 514 U.S. 645, 115 S. Ct. 1671, 131 L. Ed. 2d 695 (1995) (citation omitted).  The purpose of the Tax Injunction Act is to prevent taxpayers from using the federal courts to challenge the validity of a particular tax, Osceola, 893 F.2d at 1232–33 (citation omitted), and the statute is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems.  United Gas Pipe Line Co. v. Whitman, 595 F.2d 323, 326 (5th Cir.1979).

In Osceola, the Eleventh Circuit determined that Florida provides its taxpayers with a "plain, speedy and efficient remedy" for challenging a state tax.  Osceola, 893 F.2d at 1233. The Florida state courts have jurisdiction to hear challenges to any state tax, and they have the power to grant declaratory and injunctive relief in tax cases.  *Id.*  In addition, a Florida taxpayer has the right to seek a tax refund from the state, and the Florida courts may award the refund of taxes paid under an unconstitutional law.  *Id.*  Thus, this court does not have subject matter jurisdiction over Plaintiff's claim.  *See id.*; *see also* Rendon v. State of Fla., 930 F. Supp. 601, 603–06 (S.D. Fla. 1996) (dismissing a plaintiff's federal court action challenging the payment and constitutionality of a state tax for lack of subject matter jurisdiction).  As such, Plaintiff's claims are subject to dismissal for lack of subject matter jurisdiction.

In short, there is no jurisdictional basis upon which this court can consider the issues raised in Plaintiff's complaint.  Thus, Plaintiff's amended complaint should be dismissed for lack of jurisdiction.

Accordingly, it is **ORDERED**:

The clerk of court is directed to modify the docket to reflect that there is one Defendant in this action: Charlie Crist, Governor of the State of Florida.

And it is respectfully **RECOMMENDED**:

That Plaintiff's second amended complaint be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 26th day of September 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**